UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MICHAEL WILLIAM BURKETT, JR, *et al*, § <br> § <br> Plaintiffs, § <br> VS. § <br> § <br> RALPH BALES, § <br> § <br> Defendant. § | § <br> § <br> § <br> CIVIL ACTION NO. G-10-153 <br> § <br> § <br> § <br> § |

## **MEMORANDUM AND ORDER OF DISMISSAL**

Plaintiff Michael William Burkett, Jr., a state inmate proceeding *pro se* and *in forma pauperis,* filed this civil rights complaint pursuant to 42 U.S.C. §1983 against Defendant Ralph Bales. The plaintiff has filed a response (Doc. No. 35) to the Court's order for more definite statement (Doc. No. 34) regarding allegations in his complaint. Having considered all pleadings, the Court will dismiss the complaint because it is time-barred and fails to state a claim.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous, malicious, or fails to state a claim for which relief can be granted. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A plaintiff proceeding pursuant to § 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused by

1

a person acting under color of state law.  *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986).  In this case, the plaintiff asserts that Defendant Ralph Bales, PREA ombudsman, is required to oversee administrative investigations of sexual abuse allegations. The plaintiff alleges that Bales failed in his official duties as the PREA ombudsman because PREA investigations at the prisons are meaningless and evidence is not collected as required by law.  The plaintiff further alleges that Bales failed to ensure that "the PREA policy shielding plaintiff from possible sexual or physical assault was implemented, posted, and applied at the William Clements unit" where plaintiff was incarcerated, and that his failure to do so "had a personal effect on the sexual and physical assault" suffered by the plaintiff in December 2007.

A court should dismiss a suit when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir. 1993).  Because there is no federal statute of limitations for § 1983 actions, federal courts borrow the forum state's general limitations period, *Owens v. Okure*, 488 U.S. 235 (1989), which, for personal injury in Texas, is two years.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a); *see also Burrell v. Newsome*, 883 F.2d 416, 418-19 (5th Cir. 1989).  The Court must then determine when the cause of action accrued, and in so doing, federal courts apply federal law.  *Pete v. Metcalfe*, 8 F.3d 214, 217 (5th Cir. 1993).  The federal standard governing § 1983 actions provides that a cause of action accrues when a person knows or has reason to know of the injury which is the basis of the action. *Id.*  A plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

The plaintiff's personal injury claims clearly arose in December 2007, when he was allegedly assaulted.  The plaintiff did not file this suit until April 19, 2010, over four months

after the period for filing suit had expired.  Even if the plaintiff were to argue that he was not aware of the PREA or Defendant Bales' role as ombudsman until after his personal injury, the Fifth Circuit has rejected a similar argument, holding that even in instances where a plaintiff does not learn of the exact reason for an injury until well after the fact, a claim for personal injury nonetheless arises when the plaintiff first knows that he has been injured, not when he knows the particulars of the claim.  *See Vaught v. Showa Denko K.K.*, 107 F.3d 1137, 1141-42 (5th Cir. 1997).  Based on the facts of this case, Burkett knew that he had been injured in December 2007 but did not file this lawsuit until April 2010.  As such, his claims are time-barred.

Moreover, even in his claims were not time-barred, the plaintiff has wholly failed to show that the sexual or physical abuse that he allegedly suffered was not properly investigated, that the defendant failed in his duties as the PREA ombudsman, or that the defendant was directly responsible for prison sexual abuse investigations at the Clements unit.  Failure to indicate an individual defendant's personal involvement in an alleged unconstitutional action is grounds for dismissing the complaint. *Coon v. Ledbetter*, 780 F.2d 1158, 1161 (5th Cir. 1986).

Based on the foregoing, the Court **ORDERS** that the instant complaint is **DISMISSED** with prejudice as time-barred and for failure to state a claim.

**The Clerk shall provide a copy of this order by regular mail, facsimile transmission, or e-mail to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; (2) the Inmate Trust Fund, P.O. Box 629, Huntsville,**

4

**Texas 77342-0629, fax: 936-437-4793; and (3) the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas this 5th day of January, 2012.

_____
Kenneth M. Hoyt
United States District Judge